## Appeal of THE CARBON LIMESTONE CO.

Docket No. 5216. Submitted November 24, 1925. Decided April 3, 1926.

*H. W. Feather* for the taxpayer.
*Thomas P. Dudley, Jr., Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency in income and profits taxes, in the amount of $28,484.28, for the fiscal year ended March 31, 1919. A part of the deficiency arises from the refusal of the Commissioner to allow the deduction of certain items claimed by the taxpayer as expenses.

### FINDINGS OF FACT.

The taxpayer is an Ohio corporation with its principal place of business at Youngstown, and is engaged in open-pit quarrying and selling limestone for blast furnaces and highway construction.

In the fiscal year ended March 31, 1919, the taxpayer made expenditures as follows:

| | |
|---|---|
| Dodge roadster | $1,160.00 |
| 18 dirt cars (new) | 3,364.15 |
| Frogs and switches | 276.00 |
| Woodworking machinery | 425.00 |
| Saw | 359.63 |
| Additions to storeroom | 183.46 |
| New drills | 1,556.96 |
| Rehabilitation of electrical equipment | 8,179.98 |
| Total | 15,505.18 |

The limestone in the taxpayer's quarry is covered with an overburden of dirt and shale, varying from 14 to 42 feet in thickness, which is removed by means of steam shovels and industrial side-dump cars. About the time the new cars above listed were purchased the operations of the taxpayer reached a point where the overburden increased considerably and required hauling to a greater distance, so that the addition of the new cars became necessary in order to permit the taxpayer to maintain its normal production.

The woodworking machinery and saw were purchased for the purpose of removing timber from land on which the taxpayer desired to conduct its operations. The machinery and saw were used about 10 or 11 months and then stored in the taxpayer's warehouse, where they still remain. The average useful life of machinery of this kind is about two years.

The purchase of new drills became necessary, due to increased thickness of the strata of the limestone, which necessitated more and closer borings in order to blast the rock.

The item of rehabilitation of electrical equipment consists principally of the amount spent in the construction of a new power line for the operation of air compressors about 2 miles distant from the transformers. The new line was constructed through a part of the quarry not reached by the old line and was installed to prevent the delay occasioned by the moving of compressors to different locations in the quarry. Included in the construction of the new lines were poles, cables, cross arms, insulators, and lightning arresters. This equipment is still in use.

The items above described did not serve to increase the taxpayer's production, but were installed in order to maintain the normal production.

### OPINION.

GRAUPNER: The items of equipment described in the findings of fact are similar in character to those considered in the *Appeal of Union Collieries Co.*, 3 B. T. A. 540, are capital items and can not be deducted as expenses. See also *Appeal of Simmons & Hammond Mfg. Co.*, 1 B. T. A. 803.

With respect to the other items listed in the findings of fact, no evidence was offered which would warrant us in disturbing the

action of the Commissioner in holding that they are not deductible as expenses.

It is manifest that the entire amount of the deficiency does not arise from the disallowance of the above-listed items, but no issue was raised as to any other adjustments made by the Commissioner in the determination of the deficiency, and consequently we can not pass upon them in this appeal.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*